SCHOTT, Judge.
We granted certiorari in order to consider a judgment of the trial court denying a motion of Tidewater Marine Service, Inc., defendant and relator, to compel plaintiff to answer certain interrogatories propounded to it by relator.
This is a wrongful death action brought by the widow of Ronald Gregory Desselle, who was killed in an airplane accident which occurred on April 18, 1977. Defendants are Tidewater Marine Service, Inc., *1200 relator, the owner of the plane, and its insurer, United States Aviation Underwriters, Inc. Plaintiff alleged that at the time of the accident the airplane was in the exclusive control and under the operation of defendant, Tidewater, and/or its employees, and that the negligence of Tidewater or its employee Gerald Sievers, or both, was the cause of the accident.
Relator propounded to plaintiff 21 interrogatories of which 15 were answered, but plaintiff objected to the last five interrogatories which were as follows:
“16.
Please specify and describe in detail each and every act of negligence which you claim against Tidewater Marine Service, Inc.
“17.
Please specify and describe in detail each and every act of omission or commission which you claim against Tidewater Marine Service, Inc.
“18.
Please specify and describe in detail each and every act of omission or commission which you claim against Gerald Sievers.
“19.
Please specify and describe in detail each and every act of negligence which you claim against Gerald Sievers.
“20.
Please specify and describe in detail the manner in which you claim in paragraph XI of your petition that Tidewater failed to:
(a) Maintain the aircraft in good operating condition;
(b) Provide adequate security for the operation of its aircraft;
(c) Oversee the operation of its aircraft;
(d) Select qualified pilots for the operation of its aircraft;
(e) Supervise pilots in the operation of its aircraft;
(f) Train the pilots of its aircraft;
(g) Establish proper procedures and guidelines for mechanical checks of its aircraft;
(h) Implement procedures to discover and prevent unauthorized use of its aircraft;
(i) Impose sanctions and penalties on employees for improper and unauthorized use of its aircraft.
“21.
State all the facts and circumstances upon which you base any allegation against Tidewater Marine Service, Inc. and as to each such fact or circumstance, state the name and address of each witness whom you intend to present in support of such allegation.”
We have concluded that relator is not entitled to compel plaintiff to answer interrogatories 16 through 19 because the information requested in these interrogatories is already answered by plaintiff in paragraph 11 of her petition as quoted by relator in Interrogatory No. 20, quoted above.
As to Interrogatory No. 20, we have concluded that the trial court properly refused to compel an answer thereto. LSA— C.C.P. Art. 1459 provides that interrogatories may relate to matters which can be inquired into under Arts. 1422 through 1425, Art. 1424 provides in part as follows:
“The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.”
We have concluded that to require plaintiff to answer Interrogatory No. 20 would violate the quoted provisions of Art. 1424, and the motion insofar as it sought to compel plaintiff to answer that interrogatory was properly denied. In addition, the matters referred to in Interrogatory No. 20 are particularly within the knowledge of Tidewater.
*1201 However, we see no reason why plaintiff should not answer Interrogatory No. 21 since the information sought appears to be within the proper scope of discovery as set forth in Art. 1422 and to the extent that the trial court refused to compel plaintiff to answer Interrogatory No. 21, the judgment complained of is reversed.
Accordingly, it is ordered that the motion of relator to compel plaintiff to answer Interrogatory No. 21 is granted, and to that extent the judgment of the trial court is reversed, but in all other respects, to wit, the denial of the motion to compel answers to Interrogatories Nos. 16 though 20 is affirmed.
WRIT MADE PEREMPTORY; JUDGMENT REVERSED IN PART AND AFFIRMED IN PART.